Justice Beth Baker, specially concurring.
 

 ¶37 I join most of ¶¶ 31-35 of Justice McKinnon's Special Concurrence, because I believe it applies the correct analysis of the governing law to the facts of this case. I part company with Justice McKinnon, however, on two points.
 

 ¶38 First, I do not agree that
 
 Hill
 
 ,
 
 Bullock
 
 , and
 
 Parker
 
 set forth inconsistent interpretations of standing to challenge the legality of a search. A defendant charged with a possessory offense in Montana has automatic standing to contest the search.
 
 Bullock
 
 ,
 
 272 Mont. at 372-73
 
 ,
 
 901 P.2d at 68-69
 
 . We did not apply a different rule in
 
 Hill
 
 . We did not hold that Hill lacked standing to challenge the search, but analyzed his claims and determined that there was no unlawful government intrusion into Hill's privacy.
 

 ¶39 Second, I do not take the Court's Opinion today to hold, as a matter of law, that a probationer has no expectation of privacy "in his person, vehicle, or residence." Opinion, ¶¶ 27, 31 (McKinnon, J., specially concurring). I understand the Court's conclusion to be that, under the facts of this case, Conley had no reasonable expectation of privacy in the vehicle that was searched. Like Justice McKinnon, I believe that the law does support Conley's expectation of privacy-at least in the glasses pouch-but also that the facts gave rise to reasonable suspicion to justify the search.
 

 ¶40 I join the Court in affirming the District Court's denial of Conley's motion to suppress.